Slip Op. 12-8

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SCHAEFFLER GROUP USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants, <br><br> and <br><br> THE TIMKEN COMPANY and MPB CORPORATION, <br><br> Defendant Intervenors. | Before:  Gregory W. Carman, Judge <br>              Timothy C. Stanceu, Judge <br>              Leo M. Gordon, Judge <br><br> Consol. Court No. 06-00432 |

## OPINION

[Dismissing the consolidated action for failure to state a claim upon which relief can be granted]

Dated: January 17, 2012

*Max F. Schutzman*, and *Andrew T. Schutz*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, of New York, NY, for plaintiff.

*David S. Silverbrand*, and *Courtney S. McNamara,* Trial Attorneys, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant United States Customs and Border Protection.  With them on the briefs were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin*

*E. White, Jr.*, Assistant Director, and *Andrew G. Jones*, Office of Assistant Chief Counsel, United States Customs and Border Protection, of counsel.

   *Patrick V. Gallagher, Jr.*, Attorney Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant, U.S. International Trade Commission.  With him on the briefs were *James M. Lyons*, General Counsel, and *Neal J. Reynolds*, Assistant General Counsel for Litigation.

   *Geert De Prest*, Stewart and Stewart, of Washington, DC, for defendant intervenors.  With him on the brief were *Terence P. Stewart*, *Amy S. Dwyer*, and *Patrick J. McDonough*.

CARMAN, JUDGE: Plaintiff brought five cases[1] challenging the constitutionality of the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA" or "Byrd Amendment").[2]  These cases were consolidated by order of the Court under Consol. Ct. No. 06 00432.  (Order (Feb. 15, 2011), ECF No. 37.)  Plaintiff claims that it unlawfully was denied affected domestic producer ("ADP") status, which would have qualified it to receive distributions under the CDSOA.  The consolidated case is now before the Court on dispositive motions.  Defendants United States Customs and Border Protection ("CBP") and the United States International Trade Commission ("ITC") each move to dismiss Plaintiff's complaints for failure to state a claim upon which relief can

---

[1] Compl., Ct. No. 06 00432, Nov. 27, 2006, ECF No. 4 ("Compl. 1"); Compl., Ct. No. 07 00064, Feb. 26, 2007, ECF No. 2 ("Compl. 2"); Compl., Ct. No. 07 00477, Dec. 20, 2007, ECF No. 2 ("Compl. 3"); Compl., Ct. No. 08 00387, Nov. 3, 2008, ECF No. 4 ("Compl. 4"); Compl., Ct. No. 10 00048, Feb. 16, 2010, ECF No. 2 ("Compl. 5").

[2] Pub. L. No. 106 387, §§ 1001 1003, 114 Stat. 1549, 1549A 72 75 (codified at 19 U.S.C. § 1675c (2000)), <u>repealed by</u> Deficit Reduction Act of 2005, Pub. L. 109 171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).

Consol. Court No. 06-00432                                                                                         Page 3

be granted pursuant to USCIT Rule 12(b)(5), and for judgment on the pleadings under USCIT R. 12(c).  (Defs. The United States and United States Customs and Border Protection's Mot. to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted and for Judgment on the Pleadings ("CBP Mot."), May 4, 2011, ECF No. 60); (Def. United States International Trade Commission's Mot. to Dismiss for Failure to State a Claim and For Judgment on the Pleadings ("ITC Mot."), May 2, 2011, ECF No. 56).  Defendant Intervenors the Timken Company and MPB Corp. (collectively, "Timken") move for judgment on the pleadings pursuant to USCIT Rule 12(c). (Timken's Mot. for J. on the Pleadings ("Timken Mot."), May 2, 2011, ECF No. 58.) Plaintiff also cross moved for judgment on the pleadings.  (Pl.'s Cross Mot. for J. on the Pleadings ("Pl.'s Mot."), June 6, 2011, ECF No. 62.)  For the reasons set forth below, Plaintiff's consolidated action will be dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Schaeffler Group USA, Inc. ("Schaeffler"), a U.S. producer of antifriction bearings, is the legal successor to two U.S. producers of antifriction bearings[3] who participated in a 1988 investigation conducted by the ITC that

---

[3] The Court accepts Plaintiff's undisputed representation that it is the legal successor to INA Bearing Co., Inc. and FAG Bearings Corp., and will refer to these companies interchangeably as "Schaeffler."

**Consol. Court No. 06-00432**                                                                 Page 4

culminated in the issuance of antidumping duty orders on antifriction bearings and parts thereof from Germany, France, Italy, Japan, Sweden, Romania, Thailand, Singapore, and the United Kingdom.  (See Compl. 1 ¶¶ 1, 7.)  During those proceedings, Schaeffler responded to the ITC's questionnaires but declined to indicate to the ITC that it supported the antidumping petition.  (Id. at ¶ 10.)  Consequently, the ITC has never included Schaeffler on a published list of ADPs, and, as a result, Schaeffler has never received a CDSOA distribution.  (Compl. 1 ¶ 36; Compl. 2 ¶ 36; Compl. 3 ¶¶ 39, 42; Compl. 4 ¶ 39; Compl. 5 ¶ 39.)

       Plaintiff brought a series of cases to challenge the government's refusal to provide it CDSOA distributions for fiscal years 2004 through 2009.  (Compls. 1  5, Prayer for Relief.)  Shortly after each of Schaeffler's cases was filed, the Court stayed the actions pending final resolution of other litigation raising the same or similar issues.[4]  Following the decision of the U.S. Court of Appeals for the Federal Circuit in SKF USA Inc. v. U.S. Customs and Border Protection, 556 F.3d 1337 (2009) ("SKF USA II"), the Court ordered Plaintiff to show cause why its cases should not be dismissed.  (Order (Jan. 3, 2011), ECF No. 31.)  After Plaintiff responded to the Court's order, the Court lifted the stay in each of Plaintiff's cases for all purposes.  (Order (Feb. 9, 2011), ECF No.

---

    [4] The Court's order stayed the action until final resolution of Pat Huval Restaurant & Oyster Bar, Inc. v. United States, Consol. Ct. No. 06 0290.  (See Order (Feb. 23, 2007), ECF No. 23.)

34.)  The Court then consolidated Plaintiff's five cases under Consol. Ct. No. 06 00432. (Order (Feb 15, 2011)).[5]

## JURISDICTION

The Court exercises subject matter jurisdiction over this action pursuant to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i)(4), which grants the Court of International Trade exclusive jurisdiction of any civil action commenced against the United States that arises out of any law providing for administration and enforcement with respect to, inter alia, the matters referred to in § 1581(i)(2), which are "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."  The CDSOA, under which this action arises, is such a law. See Furniture Brands Int'l, Inc. v. United States, 35 CIT __, __ __ Ct. No. 07 00026, Slip Op. 11 132 at 9 15 (Oct. 20, 2011).

## DISCUSSION

The CDSOA amended the Tariff Act of 1930 to provide for an annual distribution (a "continuing dumping and subsidy offset") of duties assessed pursuant to an antidumping duty or countervailing duty order to affected domestic producers as

---

[5] CBP has not made any CDSOA distributions affecting this case and indicates that it will refrain from doing so until January 31, 2012 at the earliest.  (Def. U.S. Customs & Border Protection's Resp. to the Ct.'s Feb. 14, 2011 Request (Feb. 28, 2011), ECF No. 43.)

Consol. Court No. 06-00432                                                                                              Page 6

reimbursements for qualifying expenditures.[6] 19 U.S.C. § 1675c(a) (d). ADP status is limited to petitioners, and interested parties in support of petitions, with respect to which antidumping duty and countervailing duty orders are entered, and who remain in operation. Id. § 1675c(b)(1). The CDSOA directed the ITC to forward to Customs, within sixty days after an antidumping or countervailing duty order is issued, lists of persons with ADP status, i.e., "petitioners and persons with respect to each order and finding and a list of persons that indicate support of the petition by letter or through questionnaire response." Id. § 1675c(d)(1). The CDSOA also provided for distributions of antidumping and countervailing duties assessed pursuant to existing antidumping duty and countervailing duty orders and for this purpose directed the ITC to forward to CBP a list identifying ADPs "within 60 days after the effective date of this section in the case of orders or findings in effect on January 1, 1999 or thereafter . . . ." Id. The CDSOA directed CBP to publish in the Federal Register, prior to each distribution, lists of ADPs potentially eligible for distributions based on the lists obtained from the ITC,

---

[6] Congress repealed the CDSOA in 2006, but the repealing legislation provided that "[a]ll duties on entries of goods made and filed before October 1, 2007, that would [but for the legislation repealing the CDSOA], be distributed under [the CDSOA] . . . shall be distributed as if [the CDSOA] . . . had not been repealed . . . ." Deficit Reduction Act of 2005, Pub. L. No. 109 171, § 7601(b), 120 Stat. 4, 154 (2006). In 2010, Congress further limited CDSOA distributions by prohibiting payments with respect to entries of goods that as of December 8, 2010 were "(1) unliquidated; and (2)(A) not in litigation; or (B) not under an order of liquidation from the Department of Commerce." Claims Resolution Act of 2010, Pub. L. No. 111 291, § 822, 124 Stat. 3064, 3163 (2010).

id. § 1675c(d)(2), and to distribute annually all funds, including accrued interest, from antidumping and countervailing duties received in the preceding fiscal year. Id. § 1675c(d)(3), (e).

The Court of Appeals, in SKF USA II, upheld the CDSOA against constitutional challenges brought on First Amendment and equal protection grounds. 556 F.3d at 1360 ("[T]he Byrd Amendment is within the constitutional power of Congress to enact, furthers the government's substantial interest in enforcing the trade laws, and is not overly broad. We hold that the Byrd Amendment is valid under the First Amendment."); id. ("Because it serves a substantial government interest, the Byrd Amendment is also clearly not violative of equal protection under the rational basis standard.").[7]

Plaintiff challenges the constitutionality of Defendants' application of the CDSOA to Schaeffler on three grounds. In Count One, Plaintiff challenges the "in support of the petition" requirement of the CDSOA ("petition support requirement"), as applied, on First Amendment grounds. (Compl. 1 ¶¶ 41 43, Compl. 2 ¶¶ 41 43, Compl. 3 ¶¶ 44 46, Compl. 4 ¶¶ 41 43, Compl. 5 ¶¶ 41 43.) In Count Two, Plaintiff challenges the petition support requirement, as applied, on Fifth Amendment Equal Protection

---

[7] SKF USA II reversed the decision of the Court of International Trade in SKF USA Inc. v. United States, 30 CIT 1433, 451 F. Supp. 2d 1355 (2006) ("SKF USA I"), which held the petition support requirement of the CDSOA unconstitutional on Fifth Amendment equal protection grounds.

**Consol. Court No. 06-00432**                                                                                              **Page 8**

grounds. (Compl 1 ¶¶ 44 47, Compl. 2 ¶¶ 44 47, Compl. 3 ¶¶ 47 50, Compl. 4 ¶¶ 44 47, Compl. 5 ¶¶ 44 47.) In Count Three, Plaintiff claims that the petition support requirement violates the Fifth Amendment Due Process guarantee, in basing Schaeffler's eligibility for disbursements on past conduct, i.e., support for a petition. (Compl. 1 ¶¶ 48 50, Compl. 2 ¶¶ 48 50, Compl. 3 ¶¶ 51 53, Compl. 4 ¶¶ 48 50, Compl. 5 ¶¶ 48 50.)

In ruling on motions to dismiss made under USCIT Rule 12(b)(5), we dismiss complaints that do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For the reasons set forth below, we conclude that each of the claims in Plaintiff's complaints in this consolidated action must be dismissed for failure to state a claim upon which relief can be granted.

I.     **Plaintiff's Challenges Under the First Amendment and the Equal Protection Clause Are Foreclosed by Binding Precedent**

Plaintiff fails to plead facts allowing the Court to conclude that its as applied First Amendment and Equal Protection challenges to the CDSOA are distinguishable from claims brought, and rejected, in SKF USA II. The complaints contain no assertions that the CDSOA was applied to Schaeffler in a different manner than the statute was applied to other parties who did not support a petition. Plaintiff acknowledges that to

**Consol. Court No. 06-00432** Page 9

qualify as an ADP, it "must have been a petitioner or supported a petition that led to an antidumping or countervailing duty order (which Schaeffler did not.)" (See, e.g., Compl. 1 ¶ 10.) The facts as pled place Schaeffler on the same footing as other potential claimants who did not support the petition, such as SKF. See SKF USA II, 556 F.3d at 1343 ("Since it was a domestic producer, SKF also responded to the ITC's questionnaire, but stated that it opposed the antidumping petition."). Consequently, because Plaintiff does not allege that there was anything unique about the way the CDSOA was applied to it, Plaintiff's as applied First Amendment and Equal Protection challenges in Counts One and Two are foreclosed by the holding in SKF USA II, and must be dismissed pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief can be granted.

Plaintiff's argument that the recent Supreme Court cases Snyder v. Phelps, 131 S. Ct. 1207 (2011), and Citizens United v. Federal Election Commission, 130 S. Ct. 876 (2010) effectively overturn SKF USA II is wholly unpersuasive. While it is conceivable that intervening Supreme Court precedent could "effectively overrule" a previous circuit court decision, we are not convinced that such is the case here.

In Snyder, the Supreme Court held that the First Amendment provided a valid defense to certain tort liability, because the defendant's speech, while "hurtful," was made in "a public place on a matter of public concern," and was therefore "entitled to

'special protection' under the First Amendment." Snyder, 131 S. Ct. at 1218 20. We conclude that Snyder has no bearing on the constitutionality of the CDSOA. To conclude otherwise is to ignore the Supreme Court's disclaimer that

> **[o]ur holding today is narrow**. We are required in First Amendment cases to carefully review the record, and **the reach of our opinion here is limited by the particular facts before us**. As we have noted, "the sensitivity and significance of the interests presented in clashes between First Amendment and [state law] rights counsel relying on limited principles that sweep no more broadly than the appropriate context of the instant case."

Snyder, 131 S. Ct. at 1220 (quoting Florida Star v. B.J.F., 491 U.S. 524, 533 (1989)) (emphasis added). Plaintiff is incorrect in asserting that the Supreme Court intended in Snyder, "for the first time, [to identify] a discrete set of guiding principles to determine whether the speech at issue [in this case] constitutes 'public speech' subject to strict scrutiny." (Pl.'s Mot. 11.) Because this case does not involve the First Amendment as a defense to tort liability for inflammatory speech, nor a question regarding the clash of First Amendment and state law rights, the Court finds Snyder inapplicable.

Citizens United is similarly inapplicable. In that case, the Supreme Court invalidated a law that imposed "an outright ban, backed by criminal sanctions" on corporate spending on "electioneering communication," which the Supreme Court regarded as a ban on political speech. Citizens United, 130 S. Ct. at 897 (stating that the prohibitions at issue were "classic examples of censorship."). While "it might be maintained that political speech simply cannot be banned or restricted as a categorical

matter," the Supreme Court noted that at a minimum, "[l]aws that burden political speech are 'subject to strict scrutiny,'" and evaluated the challenged law under that framework.  Id. at 898 (quoting Federal Election Comm'n v. Wisconsin Right to Life, Inc., 551 U.S. 449, 464 (2007)).  The statute in Citizens United thus contrasts sharply with the CDSOA, which "does not prohibit particular speech."  SKF USA II, 556 F.3d at 1350.  This is a critical distinction.  As SKF USA II noted, "[s]tatutes that are prohibitory in nature are rarely sustained, and **cases addressing the constitutionality of such statutes are of little assistance in determining the constitutionality of the far more limited provisions of the Byrd Amendment.**"  Id. (emphasis added).  This Court agrees; Citizens United is of little assistance.

      Therefore, the Court will dismiss Plaintiff's First Amendment and Equal Protection claims in Counts One and Two of its complaints for failure to state a claim upon which relief can be granted.

**II.        The Petition Support Requirement Does Not Violate the Due Process Guarantee Due to Retroactivity**

      Count Three of each of Plaintiff's complaints claims that the CDSOA is impermissibly retroactive, in violation of the Due Process guarantee of the Fifth Amendment, in basing Schaeffler's eligibility for disbursements on past conduct, i.e., support for a petition.  In New Hampshire Ball Bearing v. United States, 36 CIT __, __ __, Slip Op. 12 2, at 8 14 (Jan. 3, 2012), we recently considered a claim essentially

identical to Plaintiff's retroactivity claims. We concluded then that "the retroactive reach of the petition support requirement in the CDSOA is justified by a rational legislative purpose and therefore is not vulnerable to attack on constitutional due process grounds." 36 CIT at __, Slip Op. at 14. We reasoned that "it would not be arbitrary or irrational for Congress to conclude that the legislative purpose of rewarding domestic producers who supported antidumping petitions . . . would be 'more fully effectuated' if the petition support requirement were applied both prospectively and retroactively." 36 CIT at __, Slip Op. at 13 (quoting Pension Benefit Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717, 730 31 (1984)). We conclude, therefore, that Congress did not violate Schaeffler's Fifth Amendment due process rights in basing potential eligibility for CDSOA disbursements on a decision on whether to support the petition that Schaeffler made prior to the enactment of the CDSOA. Based on this conclusion, we will dismiss the Due Process claims in Count Three of the complaints for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, all claims in the complaints in this consolidated action must be dismissed for failure to state a claim upon which relief can be granted.[8]

---

[8] Because the Court is granting Defendants' motions to dismiss, the Court does not need to reach Defendants' and Defendant Intervenors' motions for judgment on the pleadings. Moreover, since the Court finds no merit in any of Plaintiff's claims, the Court has no reason to entertain Defendant Intervenors' arguments regarding the

**Consol. Court No. 06-00432**                                                                 Page 13

Accordingly, we deny Plaintiff's motion for judgment on the pleadings.  Plaintiff has not indicated, either in responding to the Court's order to show cause or in opposing the motions to dismiss, that there is a plausible basis for Plaintiff to seek leave to amend the complaints, and we see no such basis.  Therefore, the Court shall enter judgment dismissing this action.

                                         _Gregory W. Carman_
                                         Gregory W. Carman, Judge

Dated:   January 17, 2012
          New York, New York

---

statute of limitations or failure to exhaust administrative remedies.

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SCHAEFFLER GROUP USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants, <br><br> and <br><br> THE TIMKEN COMPANY and MPB CORPORATION, <br><br> Defendant Intervenors. | Before:  Gregory W. Carman, Judge <br> Timothy C. Stanceu, Judge <br> Leo M. Gordon, Judge <br><br> **Consol. Court No. 06-00432** |

# **JUDGMENT**

Upon consideration of the complaints filed in the above captioned consolidated action, the dispositive motions filed by all parties, and all other papers and proceedings herein, and in conformity with the court's Opinion issued on this date, it is hereby

**ORDERED** that Defendants' motions to dismiss be, and hereby are, GRANTED; and it is further

**ORDERED** that Defendants' and Defendant Intervenors' motion for judgment on the pleadings are moot; and it is further

**ORDERED** that Plaintiff's cross motion for judgment on the pleadings be, and hereby is, DENIED; and it is further

**ORDERED** that this action be, and hereby is, DISMISSED.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Gregory W. Carman　　　　
　　　　　　　　　　　　　　　　　　　　　　　Gregory W. Carman, Judge

Dated: January 17, 2012
　　　New York, New York